## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

**JOSHUA HARRIS**                                                                       **PLAINTIFF**

**v.**                                                                      **NO: CI 2019-097GCD**
                                                                                      **JURY DEMANDED**

**CONN APPLIANCES, INC. dba**
**CONN'S HOMEPLUS**                                                       **DEFENDANT**

### AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, Joshua Harris, by and through counsel, files this first Amended Complaint for Damages against the Defendant, Conn Appliances, Inc. d/b/a Conn's Homeplus, and for cause of action pursuant to the Mississippi Rules of Civil Procedure shows the Court the following:

### PARTIES

1. Plaintiff, Joshua Harris, is an adult resident of Memphis, Shelby County, Tennessee.

2. Defendant, Conn Appliances, Inc. d/b/a Conn's HomePlus (hereinafter "Conn's"), is a Texas corporation with its principal office located at 2445 Technology Forest Boulevard, Suite 800, The Woodlands, Texas 77381.

3. Conn's may be served through its registered agent, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### JURISDICTION AND VENUE

4. All events which form the basis of this Complaint for Damages are based in tort and occurred in Southaven, DeSoto County, Mississippi.

5. Venue is properly situated in DeSoto County pursuant to Miss. Code Ann. § 11-11-3.

6. This Court has jurisdiction pursuant to Miss. Code Ann. § 9-7-81.

7. Conn's has been properly served with process in this action.

## FACTS

8. Defendant operates a retail store located at 570 Main Street, Southaven, Mississippi 38671 known as Conn's HomePlus.

9. On or about April 30, 2018, at approximately 10:30 a.m., Plaintiff, Joshua Harris, was picking up merchandise for delivery from Conn's HomePlus.

10. Plaintiff was on the premises as a business invitee.

11. The manager of Defendant's facility was instructing delivery driver's not to drive off after completing deliveries without having someone hold the docking plate as the delivery truck pulled away, due to the facility's malfunctioning docking plate.

12. Unbeknownst to Plaintiff, Defendant, its agents, employees and/or staff neglected to consider proper safety measures and put Plaintiff's safety and life at risk by not repairing and/or shutting down the malfunctioning docking plate at the delivery dock of the location in question.

13. Plaintiff was instructed by Defendant's agents and/or employees to manually lower the docking plate prior to moving the truck.

14. As Plaintiff was attempting to manually close the docking plate as instructed, the docking plate slammed down on Plaintiff crushing his left hand and wrist.

15. At all times relevant, the dock, docking plate and all parts relating to same were under the maintenance, care and control of the Defendant or it agents or assigns.

16. Upon information and belief, the Defendant had actual notice of the dangerous condition of the docking plate, as its agents knew it was malfunctioning and instructed others to manually manipulate the plate to keep it from slamming into place.

EXHIBIT B

17. In the alternative, the Defendant should have known of the unreasonably dangerous condition imposed upon the delivery drivers in general and the Plaintiff specifically prior to Plaintiff's injury, as it dock and the docking plate was under the Defendant's exclusive control at all times relevant to this cause.

18. As a result of the malfunctioning docking plate, the docking plate slammed down on Plaintiff's hand and crushed it in such a manner that caused Plaintiff's injuries, which required medical treatment.

## CAUSE OF ACTION
## NEGLIGENCE

19. Plaintiff repeats the allegations contained in paragraphs 1-18 as though set forth verbatim.

20. At all times relevant to the Complaint, Defendant's employees agents and assigns were acting within the course and scope of their employment.

21. Defendant's employees were negligent in their failure to repair, service and/or shut down the malfunctioning docking plate prior to it causing injury to Plaintiff.

22. Defendant's employees were negligent in their efforts to provide proper notice to business invitees of Conn's of a potentially hazardous and unreasonably dangerous condition.

23. Defendant's employee's acts or omissions in providing instruction to Plaintiff regarding Plaintiff completing his work under the circumstances presented due to the malfunctioning docking plate constituted negligence.

24. Upon information and belief, Defendant's employees were negligent in properly repairing/servicing the docking plate where the Plaintiff was injured.

25. Upon information and belief, Defendant's employees were negligent in continuing to utilize the malfunctioning docking plate where the Plaintiff was injured.

EXHIBIT B

Case: 3:19-cv-00061-MPM-RP Doc #: 7 Filed: 03/26/19 4 of 5 PageID #: 66

Case: 17CI1:19-cv-00097-GC    Document #: 5    Filed: 03/01/2019    Page 4 of 5

26. Upon information and belief, the Defendant was negligent in failing to provide adequate safety measures to detect the dangerous condition of created by the malfunctioning docking plate that caused the Plaintiff's damages and injuries.

27. The Defendant was negligent in failing to maintain a safe environment for its guests and invitees when it knew, or in the exercise of reasonable care should have known, that the malfunctioning docketing plate would create an unsafe environment for invitees.

28. The Defendant failed to exercise ordinary care in maintenance, operation and servicing of the area where the Plaintiff was injured.

29. Defendant knew, or in the exercise of ordinary care should have known, of the existence of the malfunctioning docking plate upon which the Plaintiff was injured.

30. The injuries and damages enumerated below that Plaintiff suffered were the direct and proximate result of the negligence of Defendant and/or Defendant's employees, agents, and assigns.

## DAMAGES

31. Plaintiff repeats the allegations contained in paragraphs 1-30 as though set forth verbatim.

32. As a direct and proximate result of the negligence of the Defendant, Plaintiff incurred medical expenses.

33. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered injuries both temporary and permanent in nature.

34. As a direct and proximate result of the negligence of Defendant, Plaintiff was subjected to severe pain and suffering.

35. As a proximate result of the negligence of Defendant, Plaintiff, lost earnings and earning capacity.

EXHIBIT B

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded the present cash value of any medical care and treatment that he will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiff be awarded compensatory damages in an amount to be determined by a jury;

4. That Plaintiff be awarded post-judgment interest according to law;

5. That a jury be empaneled to try the issues herein when joined; and

6. For such further relief as the Court may deem just and equitable.

Respectfully submitted,

MORGAN & MORGAN MEMPHIS, LLC

Jennifer L. Miller, Esq. (MS #100550)
*Attorney for Plaintiff*
One Commerce Square, Suite 2600
Memphis, Tennessee 38103
Phone: (901) 333-1900
Fax: (901) 524-1780
JenniferM@forthepeople.com

EXHIBIT B